```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
```
_____

In re:

PAUL M. HOPKINS,
                                          CASE NO. 03-25089

                      Debtor.             DECISION & ORDER
_____

DOUGLAS J. LUSTIG, TRUSTEE,

                      Plaintiff,

           V.                             AP NO. 05-2009

WCTA FEDERAL CREDIT UNION
and PAUL M. HOPKINS,

                      Defendants.
_____

## BACKGROUND

On December 22, 2003, Paul M. Hopkins (the "Debtor") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that: (1) he was the owner of a 1999 Yamaha Motorcycle (the "Yamaha"), which had a current market value of $4,570.00; and (2) WCTA Federal Credit Union ("WCTA") had a lien on the Yamaha and an automobile, also owned by him, to secure a loan with a current balance of $9,374.00.

On January 25, 2005, the Debtor's Chapter 7 Trustee (the "Trustee") commenced an Adversary Proceeding against WCTA and the Debtor, which, as to WCTA, requested that the Court avoid its lien on the Yamaha under Section 544 on the grounds that WCTA failed to

perfect its lien by failing to take the necessary steps to be listed as a lienholder on the Certificate of Title.

WCTA failed to answer the Summons and Complaint in the Adversary Proceeding, and on April 4, 2005, the Court entered an Order granting the Trustee a default judgment (the "Default Judgment") that avoided WCTA's lien.

On April 29, 2005, WCTA filed a motion (the "Motion to Vacate"), pursuant to Rules 9023 and 9024, which requested that the Court relieve it of its default and vacate the Default Judgment.

The Motion to Vacate asserted that: (1) because the Debtor had misrepresented to WCTA that the Yamaha was to be used only as a racing bike that would not be driven on the public highways and that it had no Certificate of Title, when in fact the Yamaha was titled, WCTA had not taken the steps necessary to be listed as a lienholder on the Certificate of Title; (2) when WCTA received the Trustee's Summons and Complaint, it was focused on the Debtor's misrepresentations about the Yamaha, and it was not until after the Default Judgment was entered that it focused on the fact that WCTA held a purchase money security interest in the Yamaha; (3) Section 2118(a) of the New York Vehicle and Traffic Law provides that a purchase money security interest in a vehicle, such as the Yamaha, is perfected notwithstanding that the lienholder is not listed on the vehicle's Certificate of Title, so WCTA had an absolute legal

**Page 2**

BK. 03-25089
AP. 05-2009

defense to the Trustee's Complaint; and (4) vacating the default judgment would not prejudice the Trustee, since WCTA was willing to compensate him for the costs and expenses incurred in connection with obtaining the Default Judgment and defending the Motion to Vacate.

On May 9, 2005, the Trustee interposed Opposition (the "Opposition") to the Motion to Vacate, along with a Memorandum of Law (the "Trustee's Memorandum"), which asserted that: (1) the Motion to Vacate did not include credible and admissible evidence which demonstrated that WCTA's default was legally excusable or that it held a purchase money security interest in the Yamaha; (2) the three part test in the Second Circuit for determining whether to vacate a default judgment requires a showing that the default was not willful, the defendant has a meritorious defense and there is not undue prejudice to the plaintiff; (3) it was clear from the Motion to Vacate that WCTA received the Summons and Complaint and failed to answer because, even though it possessed knowledge of all of the facts necessary to present a defense under Section 2118(a) of the New York Vehicle and Traffic Law, it simply did not realize that such a legal defense was available to it and it chose not to consult an attorney for legal advice until after the Default Judgment was entered; and (4) the Motion, which only included the affirmation by WCTA's attorney, did not present sufficient evidence

**Page 3**

to demonstrate that WCTA in fact held a purchase money security interest in the Yamaha.

After the initial return date of the Motion to Vacate, the Collection Manager of WCTA provided a Reply Affirmation, which included a copy of the Debtor's loan application as evidence that WCTA held a purchase money security interest in the Yamaha. However, on an adjourned return date of the Motion, the Court advised the attorney for WCTA that it did not believe that the loan application demonstrated that WCTA held a purchase money security interest. At that time, the Court was advised that WCTA had taken an assignment of a prior purchase money security interest in connection with its loan.[1]

The attorney for WCTA also provided the Court with an analysis of why he believed that the facts and circumstances presented by WCTA constituted excusable neglect under the decision of the United States Supreme Court in *Pioneer Investment Services Co., v. Brunswick Associates, L.P.*, 507 U.S. 380 (1993) ("*Pioneer*").

---

[1] That documentation has never been provided to the Court.

```
BK. 03-25089
AP. 05-2009
```

## DISCUSSION

### I. Bankruptcy Rules and Case Law

Under Rules 9023 and 9024, the decision of the United States Supreme Court in *Pioneer* and other cases decided in the Second Circuit, including *Davis v. Musler,* 713 F.2d 907 (2d Cir. 1983), in order to relieve a party from a default and vacate a default judgment, the Court must find that: (1) the defendant did not willfully and deliberately default, but that its default was due to excusable neglect; (2) the defendant has a meritorious defense; and (3) the level of prejudice to the plaintiff is not so great as to warrant denial of the request to relieve the defendant from a default or vacate a default judgment.

### II. Prejudice to the Trustee

Given the various time frames involved and the willingness of WCTA to compensate the Trustee for his costs and expenses in obtaining the Default Judgment and defending the Motion to Vacate, there would not be sufficient prejudice presented to warrant the Court denying the Motion to Vacate.

### III. Meritorious Defense

Although WCTA may hold a purchase money security interest in the Yamaha, in connection with its Motion to Vacate, it has failed to meet its burden to demonstrate, by the presentation of

**Page 5**

documentary and other clear and credible evidence, that it in fact does hold a purchase money security interest in the Yamaha. As a result, it has failed to present the required meritorious defense.

## IV. Excusable Neglect

Even if WCTA could ultimately demonstrate that it has a purchase money security interest in the Yamaha, and, therefore, a meritorious defense, it has not and cannot demonstrate that its default in failing to answer the Trustee's Summons and Complaint was other than willful and deliberate and not one that can be characterized as resulting from excusable neglect, as required by *Pioneer*. WCTA had all of the facts available to it to determine whether or not it held a purchase money security interest in the Yamaha at all times before it was required to answer the Trustee's Summons and Complaint and before the entry of the Default Judgment. It chose not to consult with an attorney in connection with its receipt of the Trustee's Summons and Complaint, obviously determined that it had no legal defense and deliberately failed interpose a timely answer to the Complaint. The failure of WCTA, a sophisticated lending institution, to realize that it had a valid legal defense to the Trustee's Summons and Complaint if it held a purchase money security interest in the Yamaha does not even constitute neglect let alone the required excusable neglect. Ignorance of the law does not constitute excusable neglect, and the

**BK. 03-25089**
**AP. 05-2009**

other facts and circumstances presented by WCTA are not sufficient for this Court to determine that WCTA's default was other than willful and deliberate and not the result of excusable neglect.

## CONCLUSION

The Motion to Vacate is in all respects denied.

**IT IS SO ORDERED.**

                                              **/s/**
                              **HON. JOHN C. NINFO, II**
                              **CHIEF U.S. BANKRUPTCY JUDGE**

**Dated: June 8, 2005**